IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA GAIL UNCEL                                                                              PLAINTIFF

vs.                                         Civil No. 4:10-cv-04089

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Reverse and Remand Pursuant to Sentence Four. ECF No. 11. Plaintiff has not responded to this Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Paul K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

Defendant requests Plaintiff's case be remanded. ECF No. 11. Defendant requests this remand so the ALJ may conduct further administrative proceedings. *Id.* Specifically, Defendant seeks remand so the ALJ may give further consideration of whether Plaintiff's past work as a short order cook was substantial gainful activity ("SGA").

According to Defendant, the record indicates Plaintiff did not perform her past relevant work as a short order cook at the SGA level within the 15 years prior to the date of the ALJ's decision of October 20, 1988. For the work to be relevant, it must be done within 15 years prior to the date of the ALJ's decision. *See* 20 C.F.R. § 416.960(b)(1). The Plaintiff reported in a disability application form that she performed her past work as a short order cook from 1978 through 1993. (Tr. 99).

However, the record shows Plaintiff earned $5,534.70 in 1993, which was below the $6,000.00 ordinarily required to show that an individual performed SGA in that year. (Tr. 92). *See* 20 C.F.R. § 416.974(b)(2)(1). The only year in which the Plaintiff's earnings as a short order cook satisfied the amount to create a presumption of SGA was in 1992, which was outside the relevant 15-year period. (Tr. 92).

Based upon the foregoing, this Court recommends Defendants Motion to Reverse and Remand Pursuant to Sentence Four (ECF No. 11) be **GRANTED** and Plaintiff's case be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to the Social Security Administration for further administrative review. On remand, this Court recommends the ALJ give further consideration of whether the Plaintiff's past work as a short order cook was SGA. If it was not SGA, then under SSR 82-62, it cannot be a basis for the decision's unfavorable conclusion at step four, and the ALJ would need to continue to step five of the sequential evaluation.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 4th day of April, 2011.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

2